IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RODNEY MOORE,

                Petitioner,                    ORDER

    v.                                      09-cv-0147-slc

GREG GRAMS, Warden,
Columbia Correctional Institution,

                Respondent.

---

Rodney Moore, an inmate at the Columbia Correctional Institution in Portage, Wisconsin, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the five dollar filing fee. The petition is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

A federal court may grant a writ of habeas corpus only if the petitioner shows that he is in custody in violation of the laws or treaties or Constitution of the United States. 28 U.S.C. § 2254(a). If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief, the district court must dismiss the petition. Rule 4 of the Rules Governing Section 2254 Cases.

The subject of the petition is petitioner's 1995 conviction in the Circuit Court for Columbia County for one count of exposing a child to harmful materials. Although petitioner admits that he has completed serving the sentence for that conviction, he contends

that the 1995 conviction was used to enhance a later sentence imposed in June 2006 by the Circuit Court for Dane County for second degree sexual assault of a child, which is the sentence that petitioner is now serving. Petitioner contends that his no contest plea in 1995 was not entered knowingly and intelligently because he was misinformed by both his lawyer and the prosecutor that a plea of no contest was not the same as a plea of guilty and that therefore, if he entered such a plea, the conviction could not be used against him in any other case. In addition, he alleges that after the plea, the alleged victim went to the district attorney and recanted her story.

Because petitioner is no longer "in custody" on his 1995 conviction, he cannot bring a federal habeas petition directed solely at that conviction. Maleng v. Cook, 490 U.S. 488, 492 (1989). However, petitioner is currently serving a sentence for his 2006 Dane County conviction. In the petition, Moore alleges that the 1995 conviction was used to enhance his 2006 sentence. In theory, Moore's petition can be construed as asserting a challenge to the 2006 sentence, as enhanced by the allegedly unlawful prior 1995 conviction.

Construing the petition in this fashion would mean that Moore would satisfy 2254's "in custody" requirement; however, it would not permit this court to review the validity of his 1995 conviction. In Lackawanna County District Attorney v. Coss, 532 U.S. 394, 403 (2001), the Supreme Court held that after a state court conviction has become final and the sentence has expired, the defendant may not bring a § 2254 petition challenging a later sentence on the ground that it was enhanced by the allegedly unlawful prior conviction. The

Court explained that states and other jurisdictions have a strong interest in presuming the validity of a final state court conviction that was not challenged by the defendant or was challenged unsuccessfully. Id. As time passes, review of expired convictions becomes impractical if not impossible, as the necessary trial records may no longer exist. Id. Thus, the court held in Coss that "once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid." Id. The only exception to this rule is if the state court failed to appoint a lawyer to represent defendant in the prior case. Id. at 404. (Although a plurality of three justices speculated that there might be other exceptions, such as if the state court refused without justification to rule on a constitutional challenge to the prior conviction or if the defendant does not uncover evidence proving his innocence of the prior conviction until after the time for direct or collateral review has expired, id. at 405, this portion of the court's opinion is not controlling.)

Documents attached to the petition show that petitioner has failed in his state court attempts to prove that his 1995 conviction is invalid. Further, he was represented by a lawyer in that case. Accordingly, under Coss, his 1995 conviction is presumptively valid and not subject to review, even though it was used to enhance the sentence he is currently serving.

It follows that if the petition is construed as challenging Moore's 2006 sentence on the ground that it was enhanced on the basis of an allegedly unlawful 1995 conviction, petitioner would not be entitled to relief. I am reluctant to construe the petition in this fashion, however, because petitioner may have other challenges to his 2006 conviction and sentence that he might wish to raise in a federal habeas petition. If the instant petition is construed as challenging the lawfulness of the 2006 conviction, any future petition challenging that same conviction is likely to be barred as a prohibited second or successive petition. See 28 U.S.C. § 2244(b); Pavlovsky v. VanNatta, 431 F.3d 1063, 1064 (7th Cir. 2005) (in general, prisoner entitled to only "one clean shot" at challenging state court conviction in federal habeas proceeding). To avoid that possibility, and because the focus of the petition is on the 1995 conviction, I will assume that petitioner is not challenging his 2006 conviction but only his 1995 conviction. As noted above, petitioner cannot bring a habeas petition directed at that earlier conviction because he is no longer "in custody" on that sentence. Accordingly, the petition must be dismissed.

ORDER

IT IS ORDERED that the petition of Rodney Moore for a writ of habeas corpus, attacking his 1995 conviction for one count of exposing a child to harmful materials, is DISMISSED for petitioner's failure to satisfy 28 U.S.C. § 2254(a)'s "custody" requirement.

Entered this 8th day of April, 2009.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge